**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| WILLIAM ROYSTER, | |
| Plaintiff, | |
| v. | CASE NO.: 17-0767-CV-W-FJG |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim, or, in the Alternative, for Summary Judgment (Doc. No. 6). Defendant argues that plaintiff has failed to file this complaint within the applicable statute of limitations.

**I.  Facts**

On February 19, 2015, Plaintiff William Royster ("Royster"), a Navy veteran pilot, submitted to the United States Department of Veterans Affairs ("DVA") an administrative tort claim alleging that health care providers at the Kansas City VA Medical Center ("KCVA") had negligently diagnosed him as having Bipolar Disorder (which he alleged permanently grounded him from flying as a commercial pilot for major airlines). On August 4, 2015, the DVA denied Royster's administrative claim by letter to his attorney mailed by certified mail. On October 2, 2015, Royster filed an action in this Court, styled William Royster v. United States, Case No. 4:15-cv-00768-FJG (the "2015 action").

In his Complaint in that action (the "2015 Complaint') Royster alleged that on April 28, 2004, a KCVA psychiatrist negligently misdiagnosed him as having Bipolar Disorder, that between then and November 17, 2014, various KCVA psychiatrists and other physicians negligently reaffirmed that diagnosis, and that by letter dated November 18, 2014, a KCVA psychiatrist stated an opinion that Royster had not met the criteria for the diagnosis of Bipolar Disorder. On September 26, 2016, the 2015 action was dismissed without prejudice, following the filing of a stipulation of dismissal without prejudice on September 22, 2016. See Doc. No. 26 in 2015 action.

The current action was filed September 13, 2017. It is for the same alleged acts or omissions as the 2015 action, and the 2017 Complaint is essentially identical to the 2015 Complaint. The United States asserts that, under 28 U.S.C. § 2401(b) of the Federal Tort Claims Act ("FTCA"), the 2017 Complaint is untimely.

## II. Standard

### A. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Kelly v. City of Omaha, Neb., 813 F.3d 1070, 1075 (8th Cir. 2016) (citations and quotations omitted). A claim is plausible on its face when, drawing all reasonable inferences in the plaintiff's favor, the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "While a complaint need not contain detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions [and] . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545, 127 S.

Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation marks and citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.").

**B.     Summary Judgment**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 106 S. Ct. 2548, 2552-53 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356 (1986). However, the non-movant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial. Matsushita, 475 U.S. at 586, 106 S. Ct. at 1356. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011).

**III.    Analysis**

Plaintiff does not dispute the facts as set out by defendant. Specifically, the timeline of this matter is as follows:

>    2-19-15: Royster's administrative claim
>    8-4-15: The DVA's denial of the administrative claim
>    10-2-15: The filing of Royster's 2015 Complaint
>    9-26-16: Dismissal without prejudice of the 2015 action
>    9-13-17: The filing of Royster's 2017 Complaint

3

As noted by defendant, the Federal Tort Claims Act 28 U.S.C. § 1346(b) and §§ 2671-2680 ("FTCA") includes a statute of limitation. That statute of limitation, 28 U.S.C. § 2401(b), provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Both elements of this statute must be met in order for the action to be timely. Haceesa v. United States, 309 F.3d 722, 733 (10th Cir. 2002); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980); Seiss v. United States, 792 F. Supp.2d 729, 731 (D.N.J. 2011). Thus, even though it appears Royster presented his claim in writing to the DVA in February 2015, within two years after accrual, Royster must also have brought suit in court within six months after the notice of denial of the administrative claim. Although plaintiff's initial complaint, filed in October 2015, was timely under this statute, defendant argues that the 2017 complaint has been filed out of time.

Defendant argues, in particular, that (1) the current action was filed more than 25 months after the denial of the administrative claim, well beyond the six-month limitations period stated in 28 U.S.C. § 2401(b), arguing that the pendency of the 2015 action from October 2015 through September 2016 did not toll the running of the FTCA statute of limitations; (2) even if the statute of limitations was considered tolled from October 2015 through September 2016, the statute of limitations would still have long run by the time that the 2017 action was filed; and (3) Missouri's one-year savings statute does not operate to save plaintiff's claim, as it does not apply to cases where a federal statute of limitations exists. The Court finds the second and third of these arguments to be

4

persuasive; even if the six-month statute of limitations was tolled throughout the pendency of the 2015 suit, plaintiff's lawsuit is still late.

It appears that plaintiff attempted to file this lawsuit within the time frame of the Missouri one-year savings statute, which provides:

> If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; and if the cause of action survive or descend to his heirs, or survive to his executors or administrators, they may, in like manner, commence a new action within the time herein allowed to such plaintiff, or, if no executor or administrator be qualified, then within one year after letters testamentary or of administration shall have been granted to him.

R.S. Mo. 516.230. However, state savings statutes do not apply in FTCA actions. See In re Franklin Savings Corp., 385 F.3d 1279, 1288 (10th Cir. 2004); Victor Foods, Inc. v. Crossroads Economic Development of St. Charles County, Inc., 977 F.2d 1224, 1227 (8th Cir. 1992) ("[T]he Missouri savings statute is irrelevant because state tolling and savings provisions do not apply when Congress has provided a statute of limitations for a federal claim."); Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 665–66 (8th Cir. 1995) (same). This Court, therefore, also finds that the Missouri savings statute should not apply. Thus, even if the Court somehow allowed equitable tolling for the amount of time this action was pending in 2015-16, by the time plaintiff re-filed the action in 2017, plaintiff's second suit was approximately eight months too late.

Plaintiff makes much of the fact that his previous suit was dismissed "without prejudice," and that courts prefer to dismiss cases on the merits rather than on procedural grounds. However, nothing cited by plaintiff alters the state of the law regarding the statute of limitations. Plaintiff had six months from the date of mailing of

5

notice of final denial of the claim in which to file his suit. The current suit was not filed within this limitations period, whether one allows equitable tolling for the period of time in which the prior suit was pending or not. Defendant's motion to dismiss or for summary judgment must be granted.

## IV. Conclusion

Therefore, for the foregoing reasons, Defendant's Motion to Dismiss for Failure to State a Claim, or, in the Alternative, for Summary Judgment (Doc. No. 6) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**


Date:  January 18, 2018  S/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri  Fernando J. Gaitan, Jr.
 United States District Judge